# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM MAHON, derivatively on behalf of ABEONA THERAPEUTICS INC., | ) |
| | )    Civil Action No. 18-cv-1888-CFC |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARK J. AHN, MARK J. ALVINO, JEFFREY B. DAVIS, STEPHEN B. HOWELL, TODD WIDER, and STEVEN H. ROUHANDEH, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |
| and | ) |
| | ) |
| ABEONA THERAPEUTICS INC., | ) |
| | ) |
| Nominal Defendant. | ) |

## STIPULATION AND AGREEMENT OF
## COMPROMISE, SETTLEMENT AND RELEASE

This Stipulation of Settlement (the "Stipulation") is entered into this 6th day of December 2018, by and among Plaintiff William Mahon ("Plaintiff"), and Defendants Mark J. Ahn ("Ahn"), Mark J. Alvino ("Alvino"), Stephen B. Howell ("Howell"), Todd Wider ("Wider"), Steven H. Rouhandeh ("Rouhandeh"), and Jeffrey B. Davis ("Davis," and collectively with Ahn, Alvino, Howell and Wider, the "Defendants"), and Nominal Defendant Abeona Therapeutics Inc. ("Abeona" or the "Company," and collectively with Plaintiff and Defendants, the "Settling

Parties"), who are parties to the derivative action captioned *Mahon v. Ahn, et al.,* C.A. No. 18-cv-1888-CFC (the "Action"), pending before the United States District Court, District of Delaware (the "Court"). The Settling Parties intend this Stipulation to fully, finally, and forever resolve, discharge and settle certain claims between the Settling Parties and any and all Settled Claims (as defined below) as against the Released Parties (as defined below) upon and subject to the terms and conditions herein (the "Settlement") and subject to the approval of the Court.

WHEREAS, the Verified Stockholder Derivative Action Complaint (the "Complaint") purports to assert claims against Defendants related to compensation paid to Defendants in fiscal 2015, 2016 and 2017 as disclosed in the Company's Schedule 14A Definitive Proxy Statements filed with the U.S. Securities and Exchange Commission.

WHEREAS, the Complaint specifically asserts that the compensation paid to Defendants was unfair and excessive and a breach of fiduciary duties;

WHEREAS, the Complaint seeks disgorgement of said allegedly excessive and unfair compensation made to the Defendants plus pre-judgment and post-judgment interest; reimbursement of costs and fees; and any other relief the Court may deem just and proper.

WHEREAS, on October 30, 2018, after extensive arm's-length negotiations, the parties reached an agreement in principle and executed a

memorandum of understanding (the "MOU") providing for the settlement of Plaintiff's claims against Defendants on the terms set forth therein, subject to due diligence;

WHEREAS, Plaintiff believes that the settlement set forth in the MOU is fair to, and in the best interests of, the Company and its stockholders;

WHEREAS, the Settlement reflects the results of the parties' negotiations and the agreement memorialized in the MOU, which was only reached after arm's-length negotiations between the parties who were all represented by counsel with extensive experience and expertise in stockholder derivative litigation;

WHEREAS, Defendants deny, and continue to deny, that any of them has committed or threatened to commit any violations of law, breaches of duty, or other wrongdoing toward Abeona or its stockholders (as defined below), or anyone else concerning any of the claims or requests for relief set forth in the Complaint, including the Settled Claims (as defined below);

WHEREAS, Defendants are entering into the Settlement solely because it will eliminate the distraction, burden, expense, and potential delay of further litigation involving the Settled Claims (as defined below);

WHEREAS, Plaintiff believes that the Settled Claims (as defined below) had merit when filed and continue to have merit, and Plaintiff is settling

the Settled Claims (as defined below) because he believes that the Settlement represents a reasonable compromise of these claims that will provide substantial value to Abeona and its stockholders;

WHEREAS, Plaintiff has concluded that the Settlement is fair and adequate, and that it is reasonable to pursue the Settlement based on the terms and procedures outlined herein;

WHEREAS, the Company and its Board of Directors (the "Board") have determined that a settlement pursuant to the terms set forth in this Stipulation is fair and reasonable, and is advisable and in the best interests of, Abeona and its stockholders;

WHEREAS, the parties did not begin negotiating the amount of any petition by Plaintiff's counsel for an award of attorneys' fees until after they had reached agreement on all material terms of the Settlement;

NOW, THEREFORE, in consideration of the mutual promises contained herein, the adequacy of which is acknowledged and agreed to by the undersigned counsel on behalf of the Settling Parties, the Settling Parties agree as follows:

## **DEFINITIONS**

(a)     "Plaintiff's Releasees" shall mean each of Abeona, Plaintiff, and each and every other Abeona stockholder (directly or indirectly), and each of their

respective parents, subsidiaries, affiliates and controlling persons, and any current or former officer or director of any of the foregoing, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributes, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, divisions, affiliates, associated entities, stockholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys (including all Plaintiff's counsel in the Action), counsel, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates.

(b)     "Defendants' Releasees" shall mean each of Abeona, Defendants and each of their respective parents, subsidiaries, affiliates and controlling persons, and any current or former officer or director of any of the foregoing, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributes, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies,

corporations, divisions, affiliates, associated entities, stockholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys (including all Defendants' counsel in this action), counsel, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates.

(c)    "Releasing Parties" shall mean the Plaintiff's Releasees and Defendants' Releasees, collectively.

(d)    "Plaintiff's Released Claims" shall mean all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined herein), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, that are, have been, could have been, could now be,

or in the future could, can, or might be asserted, in the Action or in any other court, tribunal, or proceeding by Plaintiff, any other Abeona stockholder derivatively on behalf of Abeona, or by Abeona directly against any of the Defendants' Releasees which have in the past been, or now or hereafter, are based upon, arise out of, relate in a material way to, or materially involve, directly or indirectly, the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, disclosures, facts, practices, events, claims, or any other matters, things, or causes whatsoever, or any series thereof, that were alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, in each case, (a) the Action, or (b) which could have been asserted against any of the Defendants' Releasees regarding compensation paid to Defendants as publicly disclosed in the Company's proxy statements for the fiscal years 2015, 2016 and 2017, except for claims relating to the enforcement of the Settlement.

(e)    "Defendants' Released Claims" shall mean all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected,

liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined herein), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, that are, have been, could have been, could now be, or in the future could, can, or might be asserted, in the Action or in any other court, tribunal, or proceeding by Defendants' Releasees against any of the Plaintiff's Releasees which have in the past been, or now or hereafter, are based upon, arise out of, relate in a material way to, or materially involve, directly or indirectly, the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, disclosures, facts, practices, events, claims, or any other matters, things, or causes whatsoever, or any series thereof, that were alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, in each case, (a) the Action, or (b) which could have been asserted against any of the Plaintiff's Releasees regarding compensation paid to Defendants as publicly disclosed in the Company's proxy statements for the fiscal years 2015, 2016 and 2017, except for claims relating to the enforcement of the Settlement.

## SETTLEMENT CONSIDERATION

1.      Abeona shall adopt and implement the governance reforms set forth in a-d below for a period of three (3) years following the Settlement. Subsequently, Abeona, the Board and its Compensation Committee (the "Compensation Committee") may exercise discretion in deciding whether to continue any of these

practices and procedures, provided that the Company shall publicly disclose in a proxy or other filing with the SEC the discontinuation or material modification of any procedure or practice to the extent such was previously adopted and disclosed:

(a)     Annual equity awards made to non-employee directors shall be granted on a different date than annual equity awards to executive officers. Additionally, any final deliberations or voting on the compensation of the Company's non-employee directors (including any changes to the annual compensation package) shall be made at a different Board (or committee) meeting than any final deliberations or voting on the compensation of executive officers (including any changes to the annual compensation package).

(b)     On at least an annual basis, the Compensation Committee shall select and retain an independent consultant to compare the Company's executive compensation levels, policies, practices, and procedures to a set of peer companies selected by the Compensation Committee with input from the independent consultant. The independent consultant will prepare and submit to the Compensation Committee a report summarizing this comparative study and its recommendations relating to executive compensation. The Company's executive officers will play no substantive role in the selection or dismissal of the independent consultant.

(c)     On at least an annual basis, qualified experts in the field shall

deliver a presentation to the Compensation Committee about recent developments and best practices concerning executive compensation.

(d)     The proposed package for the Company's non-employee director compensation each year shall be recommended by the Compensation Committee to the Board following the receipt of a report from an independent consultant analyzing the non-employee director compensation package of Abeona's peer companies.

(e)     At Abeona's next annual stockholder meeting, the Board shall present to the Company's stockholders a binding proposal to approve a non-employee director compensation plan (the "Director Compensation Plan" or "Plan"), which will (i) establish specified amounts of total annual compensation payable for services as a non-employee director to existing and newly-appointed non-employee directors; and (ii) specify the total value (or share number, as applicable) of each component of the non-employee director compensation package (*i.e.*, annual retainer, meeting fees, committee and chair fees, annual equity awards, etc.). The proxy statement accompanying the Director Compensation Plan and submitting it for stockholder approval shall include disclosures (a) explaining the Board's process for formulating the Plan; (b) describing the material features of the Plan; and (c) explaining the consequences of the stockholders' approval or non-approval of the Plan with respect to the

compensation of the Company's non-employee directors.

2.      The foregoing requirements shall terminate upon any application by the Company or NASDAQ (or the principal national securities exchange upon which the Company's common stock is listed, if different) to delist the Company's common stock from such exchange.

3.      Nothing herein shall preclude the Board, the Compensation Committee, or any of their respective members, or any executive, director, officer, or employee from taking any and all actions they reasonably believe are necessary and advisable to the operation of business in the ordinary course pending approval of the Settlement and the entering of Judgment (as defined below) by the Court. Notwithstanding the above, Defendants shall not act inconsistently with this Stipulation.

## **RELEASE OF CLAIMS**

4.      Effective upon Final Court Approval (as defined below):

(a)      The Plaintiff's Releasees shall fully, finally, and forever release and discharge each and all of the Defendants' Releasees from any and all of Plaintiff's Released Claims.

(b)      The Defendants' Releasees shall fully, finally, and forever release and discharge each and all of the Plaintiff's Releasees from any and all of Defendants' Released Claims.

5.      The contemplated releases given by the Releasing Parties extend to claims that the Releasing Parties did not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into this release ("Unknown Claims"). The Releasing Parties shall be deemed to have waived any and all provisions, rights, and benefits conferred by any law of the United States, any law of any state, or principle of common law which governs or limits a person's release of unknown claims to the fullest extent permitted by law. The Releasing Parties shall be deemed to relinquish, to the full extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

6.      The Releasing Parties shall also be deemed to have waived any and all provisions, rights, and benefits conferred by any law of any state of the United States or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the contemplated releases,

but that it is their intention to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist or heretofore existed, from the beginning of time to the Effective Date (as defined below), without regard to the subsequent discovery or existence of such additional or different facts, to the fullest extent permitted by law.

7.      The contemplated releases are not intended to release and shall not be deemed to release any rights or obligations of the Parties created by the MOU or the Stipulation.

## **DUE DILIGENCE; CONDITIONS OF THE SETTLEMENT**

8.      The Settlement was preceded by a pre-suit investigation of the claims asserted in the Action and the completion of reasonable due diligence by Plaintiff through his attorneys. In connection with this due diligence, among other things, Defendants produced to Plaintiff's counsel certain documents and information, including minutes of the Board and Compensation Committee, regarding the allegations and claims asserted in the Complaint (the "Confirmatory Discovery"). Plaintiff, by and through Plaintiff's counsel, had the right to not to enter into this Stipulation and the proposed Settlement if he, in his good faith discretion, determined that documents or information provided in Confirmatory Discovery rendered the proposed Settlement unfair, unreasonable, or inadequate.

9.      This Stipulation shall be terminated, and shall be null and void and

of no force and effect, unless otherwise agreed to by the Parties hereto pursuant to the terms hereof, if (i) either Party exercises a right to terminate the Settlement pursuant to the terms of the Stipulation; or (ii) the Settlement does not obtain Final Court Approval (as defined below). If the Stipulation is terminated, the MOU, this Stipulation and the Settlement shall be void and of no effect, and the MOU and this Stipulation shall not be deemed to prejudice in any way the positions of any of the Settling Parties in the Action. In such event, and consistent with the applicable evidentiary rules, neither the MOU, this Stipulation, their contents, nor the existence of either, shall be admissible in evidence or shall be referred to for any purpose in the Action or in any other proceeding, except in connection with any claim for breach of the MOU or this Stipulation or as otherwise specifically provided herein.

10.     The MOU and Settlement shall be null and void and of no force and effect if the terms of the Settlement, except for the Attorneys' Fees and Incentive Award Proposal, does not receive Final Court Approval (as defined below), in which case the Parties shall revert back to their litigation positions prior to entering into this MOU. For the avoidance of doubt, the Parties agree that court approval of the Attorneys' Fees and Incentive Award Proposal is not a condition precedent to the Settlement or Court Approval thereof.

11.     In the event that any final injunction, decision, order, judgment,

determination or decree is entered or issued by any court or governmental entity prior to Final Court Approval (as defined below) of the Stipulation and the Settlement embodied herein that would make consummation of the Settlement in accordance with the terms of the Stipulation unlawful or that would restrain, prevent, enjoin, or otherwise prohibit consummation of the Settlement, the Settling Parties each reserve the right to withdraw from and to terminate the Settlement. In addition, in the event that any preliminary or temporary injunction, decision, order, determination, or decree (an "Interim Order") is entered or issued by any court or governmental entity prior to Final Court Approval (as defined below) of the Stipulation and the Settlement that would restrain, prevent, enjoin, or otherwise prohibit consummation of the Settlement, then, notwithstanding anything herein to the contrary, the Settling Parties shall have no obligation to consummate the Settlement unless and until such Interim Order expires or is terminated or modified in a manner such that consummation of the Settlement in accordance with the terms of the Stipulation would no longer be restrained, prevented, enjoined, or otherwise prohibited.

12.    The Settlement shall be conditional upon (i) entry of an Order and Judgment in the form attached as Exhibit C, which shall release any and all claims described in paragraphs 4, 5, and 6 (the "Settled Claims"); and (ii) the Order and Judgment becoming Final (as defined below) ("Final Court Approval").

## SUBMISSION AND APPLICATION TO THE COURT

13.     As soon as practicable following the completion of Plaintiff's due diligence hereunder, Plaintiff's counsel shall submit the Stipulation together with its Exhibits to the Court and the Parties shall apply jointly for entry of an order (the "Scheduling Order"), substantially in the form attached hereto as Exhibit B, providing for, among other things: (i) approval of the form and content of the proposed Notice of the Settlement; and (ii) a date for the final settlement hearing (the "Settlement Hearing"). At the Settlement Hearing, the Parties shall jointly request that the Final Order and Judgment be entered substantially in the form attached as Exhibit C.

## NOTICE

14.     Abeona shall be responsible for providing Notice of the Settlement to the current stockholders of Abeona in the form and manner directed by the Court (when approved by the Court, the "Notice"), substantially in the form attached hereto as Exhibit A. Abeona or its insurer(s) shall cause to be paid all costs and expenses incurred in providing the Notice, including any costs and expenses associated with any additional copies of the Notice requested by record holders of Abeona's common stock (whether for purpose of providing the Notice to beneficial owners or otherwise).

## FINAL COURT APPROVAL

15.     The "Effective Date" of the Settlement shall be the first date by which the Court has entered the Judgment and such Judgment has become Final (defined below). "Final" shall mean that (i) if no appeal is filed, the expiration date of the time for filing or noticing of any appeal of the Judgment; or (ii) if there is an appeal from the Judgment, the date of (a) final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment, or (b) the date the Judgment is finally affirmed on appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the Judgment, and, if certiorari or other form of review is granted, the date of final affirmance of the Judgment following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to attorneys' fees or expenses shall not in any way delay or preclude the Judgment from becoming Final.

## **INTERIM INJUNCTION**

16.     Subject to an Order of the Court, pending final determination of whether the Settlement should be approved, Plaintiff and all Abeona stockholders will be barred and enjoined to the maximum extent permitted under law from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Plaintiff's Released

Claims as defined herein, either directly, representatively, derivatively or in any other capacity, against the Defendants' Releasees, and all pending deadlines in any and all such actions shall be suspended.

## ATTORNEYS' FEES AND EXPENSES

17.     Plaintiff reserves the right to make a petition to the Court for an award of attorneys' fees and expenses of an amount up to $240,000 (inclusive of costs) in connection with the Settlement (the "Fees and Expenses"). Defendants and the Company agree not to oppose a petition for fees and expenses of up to $240,000. Any award to Plaintiff's counsel for fees and expenses shall be determined by the Court.

18.     Defendants and the Company agree that Plaintiff may seek, and they will not in any way contest, Court approval of an incentive award of up to and including $4,500 paid to Plaintiff out of the fees and expenses awarded by the Court to Plaintiff's Counsel.

19.     Within seven (7) business days of the Court's entry of the Judgment, Defendants or their representatives shall cause to be paid on Defendants' behalf to Plaintiff's counsel any attorneys' fees and expenses that are awarded by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, or if, as a result of any appeal or further proceedings on remand, or successful

collateral attack, the award of attorneys' fees or expenses is reduced or reversed by final non-appealable order; provided, that if the Settlement does not become Final for any reason, or if the award of attorneys' fees and expenses is disallowed or reduced for any reason, Plaintiffs' counsel shall be jointly and severally liable to immediately repay to Abeona any attorneys' fees and expenses they have received (if the approval of the Settlement is reversed or vacated) or that portion of the attorneys' fees and expenses as is disallowed. An award of attorneys' fees or expenses, or both, is not a necessary term of the Settlement and shall not be a condition of the Settlement. Neither Plaintiff nor Plaintiff's counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees or expenses.

20.    Except as provided in this Stipulation, the Released Parties shall bear no other expenses, costs, damages, or fees alleged or incurred by Plaintiff, or by any of his attorneys, experts, advisors, agents or representatives in connection with the Settled Claims or the Settlement.

## **TERMINATION**

21.    In the event that the Settlement is terminated pursuant to the terms of the Stipulation or the Effective Date of the Settlement otherwise fails to occur, then: (i) the MOU, this Stipulation, and the Settlement, including, but not limited to, the releases under paragraph 4, 5 and 6 above, shall be null and void; (ii) the

fact of the Settlement shall not be admissible in any trial of the Action; (iii) the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to the date of execution of the MOU; and (iv) the Parties shall proceed in all respects as if the MOU and this Stipulation and any related orders had not been entered.

## ENTIRE AGREEMENT

22.    This Stipulation and the Exhibits constitute the entire agreement among the Parties with respect to the subject matter hereof and supersede all written or oral communications, agreements or understandings that may have existed prior to the execution of this Stipulation, including the MOU. No representations, warranties or statements of any nature whatsoever, whether written or oral, have been made to or relied upon by any Party concerning this Stipulation or its Exhibits, other than the representations, warranties and covenants expressly set forth in such documents.

## CONSTRUCTION

23.    This Stipulation shall be construed in all respects as jointly drafted and shall not be construed, in any way, against any Party on the ground that the Party or its counsel drafted this Stipulation.

24.    Headings have been inserted for convenience only and will not be used in determining the terms of this Stipulation.

## GOVERNING LAW; CONTINUING JURISDICTION

25.    This Stipulation and the Settlement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to Delaware's principles governing choice of law. The Settling Parties irrevocably and unconditionally (i) consent to submit to the sole and exclusive jurisdiction of the United States District Court, District of Delaware for any litigation arising out of or relating in any way to the Stipulation or the Settlement; (ii) agree that any dispute arising out of or relating in any way to the Stipulation or the Settlement shall not be litigated or otherwise pursued in any forum or venue other than any such court; (iii) waive any objection to the laying of venue of any such litigation in any such court; (iv) agree not to plead or claim in any such court that such litigation brought therein has been brought in any inconvenient forum; and (v) expressly waive any right to demand a jury trial as to any such dispute.

## AMENDMENTS

26.    This Stipulation may be modified or amended only by a writing, signed by the Settling Parties (or their duly authorized counsel), that refers specifically to this Stipulation.

## SETTLEMENT NOT AN ADMISSION

27.    The provisions contained in the MOU, the Settlement, or this Stipulation shall not be deemed a presumption, concession, or admission by any

Settling Party to this Stipulation of any fault, liability, wrongdoing, or any infirmity or weakness of any claim or defense, as to any facts or claims (including the Settled Claims) that have been or might be alleged or asserted in the Action, or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, for any purpose other than as permitted by applicable court rules and rules of evidence.

## BINDING EFFECT

28.    This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective agents, executors, heirs, successors, and assigns.

## COUNTERPARTS

29.    This Stipulation may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed to be an original but all of which together shall constitute one and the same instrument.

## AUTHORITY

30.    This Stipulation will be executed by counsel for each of the Settling Parties, each of whom represent and warrant that they have the authority from their client(s) to enter into this Stipulation and bind their clients hereto.

## OWNERSHIP OF SHARES; NON-ASSIGNMENT OF CLAIMS

31.     Plaintiff represents and warrants that he has been a stockholder of Abeona since March 2015 to the present, that as of the date hereof he continues to hold stock in Abeona, and that he shall continue to hold such stock in Abeona through the Effective Date. Plaintiff further represents that he has not assigned the claims asserted in the Action, or any of the Plaintiff's Released Claims, to any person.

## NO WAIVER

32.     Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist on the strict performance of any and all of the provisions of this Stipulation to be performed by such other Party. No waiver, express or implied, by any Party of any breach or default in the performance by the other Party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**IN WITNESS WHEREOF**, the undersigned Parties, by and through their respective counsel, have executed this Stipulation effective as of the date set forth above.

**PURCELL JULIE & LEFKOWITZ LLP**

By: /s/ Steven J. Purcell
Steven J. Purcell
708 Third Avenue, Sixth Floor
New York, New York 10017

*Attorneys for Plaintiff*

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

By: /s/ Kenneth J. Nachbar
Kenneth J. Nachbar
1201 North Market Street, Sixteenth Floor
Wilmington, Delaware 19899

Of Counsel:

Jordan D. Hershman
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110

*Attorneys for Defendants and the Company*