# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM MAHON, derivatively on behalf of ABEONA THERAPEUTICS INC., | ) ) ) C.A. No. 18-cv-1888-CFC ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MARK J. AHN, MARK J. ALVINO, JEFFREY B. DAVIS, STEPHEN B. HOWELL, TODD WIDER, and STEVEN H. ROUHANDEH, | ) ) ) ) ) |
| Defendants. | ) ) |
| and | ) ) |
| ABEONA THERAPEUTICS INC., | ) ) |
| Nominal Defendant. | ) ) ) |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on  May 1, 2019 , 2018, pursuant to this Court's Scheduling Order, dated_____, 2018 (the "Scheduling Order"), and upon a Stipulation and Agreement of Compromise, Settlement and Release, dated December 6, 2018 (the "Stipulation") outlining a Settlement of the above-captioned action (the "Action"),

which is incorporated herein by reference, the parties having appeared by their attorneys of record, the Court having heard and considered the submissions and evidence presented in support of the proposed Settlement, the application for an award of attorneys' fees, expenses, and the application for an incentive award to Plaintiff, the opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order, the Court having determined that Notice was adequate and sufficient, and the entire matter of the proposed Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, **this** 2nd **day of** May **, 2019, as follows:**

1. Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation and the Scheduling Order.

2. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement of the Action, as well as personal jurisdiction over all of the Parties and each Abeona stockholder, and it is further determined that Plaintiff, Defendants, Abeona, and its stockholders, as well as their transferees, heirs, executors, successors, and assigns, are bound by this Order and Final Judgment (the "Judgment").

3. The Notice has been given to all Abeona stockholders as of December 6, 2018, pursuant to and in the manner directed by the Scheduling Order,

2

proof of mailing, and other dissemination of the Notice was filed with the Court and full opportunity to be heard has been offered to all parties, Abeona stockholders, and persons in interest. The Court finds that the form and means of the Notice was the best notice practicable under the circumstances and was given in full compliance with the requirements of Federal Rules of Civil Procedure 23 and 23.1 and due process of law, and that all stockholders of Abeona are bound by this Judgment.

4. This Court further finds that Plaintiff in the Action has held stock in the Company since the time of the conduct complained of in the Action, otherwise has standing to prosecute the Action, and adequately represents the interest of Abeona and its stockholders. Based on the record in the Action, each of the provisions of Federal Rules of Civil Procedure 23 and 23.1 has been satisfied and the Action has been properly maintained according to the provisions of Federal Rules of Civil Procedure 23 and 23.1.

5. The Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of Abeona and its stockholders.

6. Pursuant to Federal Rules of Civil Procedure 23 and 23.1, this Court approves the Settlement in all respects, and the parties are directed to consummate the settlement in accordance with the terms of the Stipulation.

7. The Action is hereby dismissed with prejudice as to all Defendants

3

and as to Abeona, and against Plaintiff, and all Abeona stockholders. As between Plaintiff and Defendants, the parties are to bear their own costs, except as otherwise provided in paragraphs 12 and 13 below or as otherwise provided in the Stipulation and the Scheduling Order.

8.  Upon entry of this Judgment, Abeona, Plaintiff, and each and every other Abeona stockholder (directly or indirectly), on each of their own behalves, and on behalf of any other person or entity who could assert any of Plaintiff's Released Claims, in such capacity only, shall fully, finally, and forever release, settle, and discharge, and shall forever be enjoined from prosecuting, any and all matter of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, that are, have been, could have been, could now be, or in the future could, can, or might be asserted, in the Action or in any other court, tribunal, or proceeding by Plaintiff, any other Abeona stockholder derivatively on

4

behalf of Abeona, or by Aboena directly against any of the Defendants' Releasees which, have in the past been, or now or hereafter, are based upon, arise out of, relate in a material way to, or materially involve, directly or indirectly, the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, disclosures, facts, practices, events, claims, or any other matters, things, or causes whatsoever, or any series thereof, that were alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, in each case, (a) the Action, or (b) which could have been asserted against any of the Defendants' Releasees regarding compensation paid to Defendants as publicly disclosed in the Company's proxy statements for the fiscal years 2015, 2016 and 2017, except for claims relating to the enforcement of the Settlement (the "Plaintiff's Released Claims") against Abeona, Defendants and each of their respective parents, subsidiaries, affiliates and controlling persons, and any current or former officer or director of any of the foregoing, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributes, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, divisions, affiliates, associated entities, stockholders, principals, officers, directors, managing directors, members, managing members, managing agents,

predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys (including all Defendants' counsel in this action), counsel, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates (the "Defendants' Releasees"). For the avoidance of doubt, Plaintiff's Released Claims include all of the claims asserted in the Action, but do not include claims based on future conduct of the Defendants' Releasees.

9. Upon entry of this Judgment, Defendants and the other Defendants' Releasees, on behalf of themselves and any other person or entity who could assert any of the Defendants' Released Claims (defined below) on their behalf, in such capacity only, shall fully, finally, and forever release, settle, and discharge, and shall forever be enjoined from prosecuting, any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined herein),

whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, that are, have been, could have been, could now be, or in the future could, can, or might be asserted, in the Action or in any other court, tribunal, or proceeding by Defendants' Releasees against any of the Plaintiff's Releasees which have in the past been, or now or hereafter, are based upon, arise out of, relate in a material way to, or materially involve, directly or indirectly, the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, disclosures, facts, practices, events, claims, or any other matters, things, or causes whatsoever, or any series thereof, that were alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, in each case, (a) the Action, or (b) which could have been asserted against any of the Plaintiff's Releasees regarding compensation paid to Defendants as publicly disclosed in the Company's proxy statements for the fiscal years 2015, 2016 and 2017, except for claims relating to the enforcement of the Settlement (the "Defendants' Released Claims") against Plaintiff, all other Abeona stockholders, and any current or former officer or director of any Abeona stockholder, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributes, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies,

7

corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys (including all Plaintiff's counsel in the Action), counsel, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates (the "Plaintiff's Releasees"). For the avoidance of doubt, the Defendants' Released Claims do not include claims based on future conduct of the Plaintiff Releasees.

10. The releases given by Plaintiff's Releasees and Defendants' Releasees (collectively, the "Releasing Parties") extend to claims that the Releasing Parties did not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into this release ("Unknown Claims"). The Releasing Parties shall be deemed to have waived any and all provisions, rights, and benefits conferred by any law of the United States, any law of any state, or principle of common law which governs or limits a person's release of unknown claims to the fullest extent permitted by law. The Releasing Parties shall be deemed to relinquish, to the full extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

11. Neither this Order and Final Judgment, the Settlement, nor any act or omission in connection therewith shall be deemed or argued to be evidence of or to constitute a presumption, concession or admission by Defendants of any breach of duty, liability, fault or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered, received in evidence or otherwise used in the Action or any other action or proceeding of any nature whatsoever except to enforce the Stipulation and Settlement. Neither the existence of the Settlement, the Stipulation nor any provisions contained therein shall be deemed a presumption, concession or admission by Plaintiff that this Action lacks merit.

12. Plaintiff's counsel are hereby awarded attorneys' fees in the amount of $240,000, inclusive of expenses, which amount the Court finds to be fair and reasonable and which shall be paid to Purcell Julie & Lefkowitz, LLP.

13. Plaintiff is awarded an incentive award of $4,500 to be payable from the fees and expenses awarded by the Court in paragraph 12, which the Court finds to be fair and reasonable, and which is to be paid in accordance with the terms of

the Stipulation.

14. The effectiveness of the Order and Final Judgment and the obligations of Plaintiff, Plaintiff's counsel and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of Plaintiff's or Plaintiff's counsel's application for an award of attorneys' fees and expenses or incentive awards for Plaintiff.

15. The Court further orders, adjudges and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims and all the parties in the above-styled and numbered action.

                                    _____
                                    U.S. District Court Judge